T.C. Summary Opinion 2005-113

UNITED STATES TAX COURT

PHILIP M. CAVANAGH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18772-04S.            Filed August 4, 2005.

Philip M. Cavanagh, pro se.

<u>John W. Stevens</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2002 a deficiency in petitioner's Federal income tax of $3,157.88. After a concession,[1] the issue for decision is whether petitioner's business transportation expenses should be included on Schedule A, Itemized Deductions, or on Schedule C, Profit or Loss from Business. At the time the petition in this case was filed, petitioner resided in Redford, Michigan.

This case was deemed to be submitted fully stipulated under Rule 122, and the facts stipulated are so found.[2]

## Background

During 2002, petitioner held two jobs, one as a commissioner for the County of Wayne (the county), and the other as a sales representative for West Publishing Corp. (West). During a workday, petitioner would drive to various locations, performing duties for both positions.

Petitioner timely filed with the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, for 2002. Attached to the return were various forms including a Schedule A and two Forms 2106, Employee Business Expenses.

---

[1]Respondent concedes that petitioner is entitled to a deduction of $3,889 for additional State and local income taxes and real estate taxes.

[2]The facts are not in dispute, and the issue is primarily one of law. Sec. 7491, concerning burden of proof, has no bearing on this case.

On the Form 2106 relating to petitioner's employment with West, petitioner reported the following expenses:

| Expense | Amount |
|---|---|
| Vehicle expenses | $7,323 |
| Parking fees, tolls & transportation, etc. | 199 |
| Expenses away from home overnight | 1,766 |
| Other business expenses | 2,048 |
| Total | 11,336 |

On the Form 2106 relating to petitioner's employment with the county, petitioner reported the following expenses:

| Expense | Amount |
|---|---|
| Vehicle expenses | $1,830 |
| Expenses away from home overnight | 442 |
| Other business expenses | 552 |
| Total | 2,824 |

These expenses, totaling $14,130, were deducted by petitioner as unreimbursed employee expenses on his Schedule A.

By letter, respondent notified petitioner of a proposed adjustment in petitioner's 2002 Federal income taxes resulting from the application of the alternative minimum tax. Respondent, however, indicated that petitioner had an overpayment of $1,197.12 resulting from the payment of excess Social Security taxes of $4,355.

Petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2002. Attached to the Form 1040X were various forms including two Schedules C and two Forms 2106.

Petitioner moved from Schedule A to Schedule C the following expenses relating to his employment with West:

| Expense | Amount |
| --- | --- |
| Vehicle expenses | $7,323 |
| Parking fees, tolls & transportation, etc. | 199 |
| Total | 7,522 |

Petitioner did not move his earnings from his employment with West to the new Schedule C.

Petitioner also moved from Schedule A to the second Schedule C vehicle expenses of $1,830 relating to his employment with the county. Petitioner did not move his earnings from his employment with the county to the new Schedule C. Petitioner also reported an additional Schedule A deduction of $3,889 for additional State and local taxes and real estate taxes.

Subsequently, respondent sent petitioner a notice of deficiency for 2002 determining a deficiency of $3,157.88 resulting from the application of the alternative minimum tax. Respondent also determined that petitioner had an overall overpayment of $1,197.12 resulting from the payment of excess Social Security taxes of $4,355.

Additionally, respondent determined that petitioner's transportation expenses of $7,522 and $1,830 should be included on Schedule A, not Schedule C.

## Discussion

Section 162(a) authorizes a deduction for all ordinary and necessary expenses paid or incurred during a taxable year in carrying on a trade or business. A "trade or business" includes the trade or business of being an employee. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). The costs of going between one business location and another business location generally are deductible under section 162(a). Rev. Rul. 55-109, 1955-1 C.B. 261.

The parties disagree as to whether petitioner's transportation expenses should be reported on Schedule A or Schedule C. Respondent contends that petitioner, as an employee, must claim the expenses at issue on his Schedule A as miscellaneous itemized deductions and that they are limited to the amount that exceeds the 2-percent floor imposed by section 67.

Section 62(a)(1) allows taxpayers to deduct from gross income trade or business expenses "which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee." (Emphasis added.) Expenses excluded under the section 62(a)(1) employee expense limitation are treated as itemized deductions under section 63(d). Under

section 67(b), "Miscellaneous itemized deductions", defined as all itemized deductions other than those specifically enumerated therein, are subject to a 2-percent floor and are allowable "only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income." Sec. 67(a). Because trade or business expenses subject to section 62(a)(1), such as petitioner's unreimbursed transportation expenses, are not among the deductions listed in section 67(b), they are miscellaneous itemized deductions subject to the 2-percent floor. Secs. 62, 67, 162; see also Alexander v. Commissioner, 72 F.3d 938, 946 (1st Cir. 1995), affg. T.C. Memo. 1995-51.

Further, Rev. Rul. 90-23, 1990-1 C.B. 28, 30,[3] advises petitioner to report his transportation expenses as miscellaneous itemized deductions. For a taxpayer with one or more regular places of business: "If the taxpayer is an employee, the taxpayer may deduct * * * daily transportation expenses only as a miscellaneous itemized deduction subject to the 2-percent floor provided in section 67 of the Code." Id. (emphasis added).

---

[3]Although revenue rulings are not binding on the courts, see e.g., Stubbs, Overbeck & Associates v. United States, 445 F.2d 1142, 1146-1147 (5th Cir. 1971), they may be helpful and persuasive, Twin Oaks Cmty., Inc. v. Commissioner, 87 T.C. 1233, 1252 (1986).

On the basis of the foregoing, the Court concludes that petitioner must report his transportation expenses as miscellaneous itemized deductions on Schedule A.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.

[Reporter's Note:  This opinion was amended by Order dated August 16, 2005.]